UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| The Mortgage Market Guide, LLC, | : |
| | : Civil Action No. 06-140 (FLW) |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| Freedman Report, LLC, Aaron | : |
| Freedman, David Mozes and | : |
| Donald Greitzer, | : |
| | : |
| Defendants. | : |
| | : |

PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF

BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey  07078-0999
(973) 379-4800
Attorneys for Plaintiff
Michael M. Rosenbaum (MR6304)
Gerd W. Stabbert, Jr. (GS3364)

On the Brief:
    Gerd W. Stabbert, Jr.
    Michael M. Rosenbaum

## PRELIMINARY STATEMENT

This supplemental trial brief is submitted pursuant to permission granted by the chambers of the Honorable Freda L. Wolfson during telephone conferences on March 29 and 30, 2007. Defendants erroneously assert, at pages 16-17 of their trial brief, that the copyright protection of plaintiff Mortgage Market Guide's website (the "MMG Website") is limited solely to new materials added to a pre-existing MMG Website because the MMG Website registered with the Copyright Office is derived from that earlier MMG Website.  However, this argument misconstrues the fundamental precept of copyright law that where the same author owns both the compilation or derivative work as well as the underlying pre-existing work, that author's copyright registration of the later compilation or derivative work permits an infringement claim based upon the copying of materials that are either newly added or pre-existing in the underlying work.

Accordingly, the defendants are liable under MMG's claims of copyright infringement.

## LEGAL ARGUMENT

In their trial brief, Defendants argue that the MMG Website is a compilation or derivative work from an earlier MMG Website and, therefore, MMG's copyright protection extends only to materials added to the pre-existing MMG Website and does not encompass pre-existing materials.  Thus, Defendants assert they cannot be held liable for their blatant copying of the MMG Website because MMG is

only entitled to copyright protection on changes between the registered MMG Website and the underlying work.  This is not so.

The Copyright Act, 17 U.S.C. §103(b) provides:

> The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

In interpreting this statute, the Courts have expressly acknowledged the distinction between pre-existing material from other authors and pre-existing materials from the author of the compilation or derivative work. See In re Independent Serv. Organizations Antitrust Litig., 964 F.Supp. 1469, 1473 (D. Kan 1997); Computer Assocs. Intern., Inc., v. Altai, Inc., 775 F.Supp. 544, 555-557 (E.D.N.Y. 1991), aff'd in part, vacated in part on other grounds, 982 F.2d 693 (2d Cir. 1992).  In this regard, "the Copyright Act does not require separate registration of each and every component part of a copyrighted work particularly where the author of the derivative work is the uncontested author of each of the component parts."  In re Independent Serv. Organizations Antitrust Litig., 964 F.Supp. at 1473.  Therefore, "an owner of a registered copyright in a [compilation or] derivative work does not have to register separately the preexisting work before bringing an infringement action based on the derivative work."  Id.

The law is clear that where the same author owns both the

2

underlying work and the later compilation or derivative work, the author's copyright registration of the later compilation or derivative work is sufficient to allow an infringement claim based upon copying of materials that are either newly added **or** pre-existing in the underlying work. See, e.g., Christopher Phelps & Assocs. v. Galloway, 477 F.2d 128, 134-35 (4th Cir. 2007); Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 206 n.2 (3d Cir. 2005); Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003), cert. denied, 540 U.S. 879 (2003); Streetwise Maps, Inc. v. Vandam, Inc., 159 F.3d 739, 747 (2d Cir. 1998); Educational Testing Servs. v. Katzman, 793 F.2d 533, 538-39 (3d Cir. 1986); In re Independent Serv. Organizations Antitrust Litig., supra, 964 F.Supp. at 1473; Richmond Homes Management, Inc. v. Raintree, Inc., 862 F. Supp. 1517, 1525-6 (W.D. Va. 1994), rev'd on other grounds, 66 F.3d 316 (4th Cir. 1995); Greenwhich Film Prods., S.A. v. DRG Records, Inc., 833 F.Supp. 248, 250-52 (S.D.N.Y. 1993); Computer Assocs. Intern., Inc., supra, 775 F.Supp. at 555-557; Howard v. Sterchi, 725 F.Supp. 1572, 1575-76 (N.D.Ga. 1989), aff'd, 12 F.3d 218 (11th Cir. 1993).

A separate copyright registration of the pre-existing work is simply not necessary for a plaintiff to pursue a copyright infringement action. See Christopher Phelps & Assocs., supra, 477 F.2d at 134-35; Young Design, Inc. v. Teletronics Internt'l, Inc., 2001 WL 35804500, pp. 11-12 (E.D.Va. 2001); In re Independent Serv.

Organizations Antitrust Litig., supra, 964 F.Supp. at 1473;
Computer Assocs. Intern., Inc., supra, 775 F.Supp. at 555-556.

For example, in Christopher Phelps & Assocs., supra, a
plaintiff successfully brought a copyright infringement action
against defendant for defendant's copying of plaintiff's registered
architectural design and the defendant appealed.  On appeal, the
defendant argued that the architectural design was a derivative
work of plaintiff's earlier unregistered design and, therefore,
plaintiff was only entitled to copyright protection on changes
between the registered design and the pre-existing work.  The
Fourth Circuit rejected this argument and held that copyright
protection extended to plaintiff's entire registered design
including both the registered design as well as elements of the
earlier unregistered work authored by plaintiff and contained in
the registered design.  The court further held that no separate
registration for the underlying work was necessary where the author
of the derivative work was also the author of the underlying work
incorporated therein.

Similarly, in In re Independent Serv. Organizations Antitrust
Litig., supra, defendant Xerox stated a counterclaim against
plaintiff for copyright infringement of Xerox's service manuals and
diagnostic software.  Xerox registered its copyrights as derivative
works, which were based upon one or more of Xerox's pre-existing
works, to which materials were newly added.  The District Court

4

held that, as author of both the registered derivative works and the unregistered pre-existing works, Xerox's registration of the derivative works was sufficient to allow an infringement claim based upon copying of the materials that were either newly added **or** pre-existing. In so holding the court stated, "copyright protection was extended as soon as the [pre-existing] versions of the software and manuals were 'fixed in any tangible medium of expression' <u>without regard to registration</u>." <u>Id.</u> at 1473 (emphasis added).

Here, the date of initial publication of the MMG Website deposited with the Copyright Office is July 27, 2005 as identified in MMG's supplemental copyright registration. Contrary to Defendants' assertion, the supplemental registration also identifies the MMG Website as a compilation. In this regard, section 6b of MMG's supplemental registration states: "Compilation and new material including text, graphs, charts, tables and artwork relating to the mortgage market." The Copyright Act protects compilations which are defined as "work[s] formed by the collection and assembling of preexisting materials or of data that are <u>selected</u>, <u>coordinated</u>, or <u>arranged</u> in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." 17 U.S.C. §101 (emphasis added). The selection and arrangement of the MMG Website registered with the Copyright Office, including its "Bond Quotes" page, is the same as or similar to earlier versions of the MMG

5

Website.  This compilation, including the pre-existing selection and arrangement of materials, were authored by MMG and, thus, are clearly protected by copyright.

MMG's registration of the MMG Website is sufficient to provide copyright protection to the pre-existing elements in the MMG Website because MMG authored both the registered compilation and the prior versions of the MMG Website.  MMG has been the author and owner of the MMG Website since its inception in 2001 when it was first fixed in a tangible medium of expression.  Thus, the MMG Website is subject to copyright protection since 2001 even though the MMG Website was not then registered with the Copyright Office. This protection extends to the pre-existing versions of the MMG Website up to and including the MMG Website as registered with the copyright office.  Simply stated, as author of the MMG Website as a registered compilation, MMG does not have to register separately the pre-existing work authored by it which was also included in the registered compilation before bringing an infringement action based upon that compilation.

In support of their position, Defendants rely upon the case of Apple Computer, Inc. v. Microsoft Corp, 821 F.Supp. 616 (N.D. Cal. 1989), aff'd in part, 35 F.3d 1435 (9th Cir. 1994), cert. denied, 513 U.S. 1184 (1995).  There, the District Court held that a copyright registration for a derivative work does not protect pre-existing material but, rather, only new material added to the pre-

6

existing work.  But, while the court's holding was affirmed, the Ninth Circuit rejected the rule as stated by the District Court. Rather, the Circuit Court held that the plaintiff can sue for defendant's copying of material that appears in both the derivative work and the underlying work authored by the plaintiff.  See Apple Computer, Inc., 35 F.3d 1435 at 1446.  Thus, Apple Computer, Inc. does not support the argument erroneously asserted by Defendants.

In sum, Defendants cannot escape liability for their blatant copying of the MMG Website because MMG, as owner of the pre-existing MMG Website and the MMG Website as a registered compilation, properly brought this infringement action premised upon the registered MMG Website.

## CONCLUSION

Plaintiff the Mortgage Market Guide, LLC, will present evidence at trial demonstrating the elements necessary for the claim of copyright infringement as pled in it first amended verified complaint.  Plaintiff's evidence will also prove that it is entitled to damages and equitable relief sought in the complaint.

Respectfully submitted,

_____
Michael M. Rosenbaum
Gerd W. Stabbert, Jr.
Budd Larner, P.C.
Attorneys for Plaintiff

March 30, 2007
635600.c

7

## PRELIMINARY STATEMENT

This supplemental trial brief is submitted pursuant to permission granted by the chambers of the Honorable Freda L. Wolfson during telephone conferences on March 29 and 30, 2007. Defendants erroneously assert, at pages 16-17 of their trial brief, that the copyright protection of plaintiff Mortgage Market Guide's website (the "MMG Website") is limited solely to new materials added to a pre-existing MMG Website because the MMG Website registered with the Copyright Office is derived from that earlier MMG Website. However, this argument misconstrues the fundamental precept of copyright law that where the same author owns both the compilation or derivative work as well as the underlying pre-existing work, that author's copyright registration of the later compilation or derivative work permits an infringement claim based upon the copying of materials that are either newly added or pre-existing in the underlying work.

Accordingly, the defendants are liable under MMG's claims of copyright infringement.

## LEGAL ARGUMENT

In their trial brief, Defendants argue that the MMG Website is a compilation or derivative work from an earlier MMG Website and, therefore, MMG's copyright protection extends only to materials added to the pre-existing MMG Website and does not encompass pre-existing materials. Thus, Defendants assert they cannot be held liable for their blatant copying of the MMG Website because MMG is

only entitled to copyright protection on changes between the registered MMG Website and the underlying work.  This is not so.

The Copyright Act, 17 U.S.C. §103(b) provides:

> The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

In interpreting this statute, the Courts have expressly acknowledged the distinction between pre-existing material from other authors and pre-existing materials from the author of the compilation or derivative work.  See In re Independent Serv. Organizations Antitrust Litig., 964 F.Supp. 1469, 1473 (D. Kan 1997); Computer Assocs. Intern., Inc., v. Altai, Inc., 775 F.Supp. 544, 555-557 (E.D.N.Y. 1991), aff'd in part, vacated in part on other grounds, 982 F.2d 693 (2d Cir. 1992).  In this regard, "the Copyright Act does not require separate registration of each and every component part of a copyrighted work particularly where the author of the derivative work is the uncontested author of each of the component parts."   In re Independent Serv. Organizations Antitrust Litig., 964 F.Supp. at 1473.  Therefore, "an owner of a registered copyright in a [compilation or] derivative work does not have to register separately the preexisting work before bringing an infringement action based on the derivative work."  Id.

The law is clear that where the same author owns both the

2

underlying work and the later compilation or derivative work, the author's copyright registration of the later compilation or derivative work is sufficient to allow an infringement claim based upon copying of materials that are either newly added **or** pre-existing in the underlying work.  See, e.g., Christopher Phelps & Assocs. v. Galloway, 477 F.2d 128, 134-35 (4th Cir. 2007); Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 206 n.2 (3d Cir. 2005); Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003), cert. denied, 540 U.S. 879 (2003); Streetwise Maps, Inc. v. Vandam, Inc., 159 F.3d 739, 747 (2d Cir. 1998); Educational Testing Servs. v. Katzman, 793 F.2d 533, 538-39 (3d Cir. 1986); In re Independent Serv. Organizations Antitrust Litig., supra, 964 F.Supp. at 1473; Richmond Homes Management, Inc. v. Raintree, Inc., 862 F. Supp. 1517, 1525-6 (W.D. Va. 1994), rev'd on other grounds, 66 F.3d 316 (4th Cir. 1995); Greenwhich Film Prods., S.A. v. DRG Records, Inc., 833 F.Supp. 248, 250-52 (S.D.N.Y. 1993); Computer Assocs. Intern., Inc., supra, 775 F.Supp. at 555-557; Howard v. Sterchi, 725 F.Supp. 1572, 1575-76 (N.D.Ga. 1989), aff'd, 12 F.3d 218 (11th Cir. 1993).

A separate copyright registration of the pre-existing work is simply not necessary for a plaintiff to pursue a copyright infringement action.  See Christopher Phelps & Assocs., supra, 477 F.2d at 134-35; Young Design, Inc. v. Teletronics Internt'l, Inc., 2001 WL 35804500, pp. 11-12 (E.D.Va. 2001); In re Independent Serv.

3

Organizations Antitrust Litig., supra, 964 F.Supp. at 1473;
Computer Assocs. Intern., Inc., supra, 775 F.Supp. at 555-556.

For example, in Christopher Phelps & Assocs., supra, a
plaintiff successfully brought a copyright infringement action
against defendant for defendant's copying of plaintiff's registered
architectural design and the defendant appealed.  On appeal, the
defendant argued that the architectural design was a derivative
work of plaintiff's earlier unregistered design and, therefore,
plaintiff was only entitled to copyright protection on changes
between the registered design and the pre-existing work.  The
Fourth Circuit rejected this argument and held that copyright
protection extended to plaintiff's entire registered design
including both the registered design as well as elements of the
earlier unregistered work authored by plaintiff and contained in
the registered design.  The court further held that no separate
registration for the underlying work was necessary where the author
of the derivative work was also the author of the underlying work
incorporated therein.

Similarly, in In re Independent Serv. Organizations Antitrust
Litig., supra, defendant Xerox stated a counterclaim against
plaintiff for copyright infringement of Xerox's service manuals and
diagnostic software.  Xerox registered its copyrights as derivative
works, which were based upon one or more of Xerox's pre-existing
works, to which materials were newly added.  The District Court

4

held that, as author of both the registered derivative works and the unregistered pre-existing works, Xerox's registration of the derivative works was sufficient to allow an infringement claim based upon copying of the materials that were either newly added **or** pre-existing. In so holding the court stated, "copyright protection was extended as soon as the [pre-existing] versions of the software and manuals were 'fixed in any tangible medium of expression' <u>without regard to registration</u>." <u>Id.</u> at 1473 (emphasis added).

Here, the date of initial publication of the MMG Website deposited with the Copyright Office is July 27, 2005 as identified in MMG's supplemental copyright registration. Contrary to Defendants' assertion, the supplemental registration also identifies the MMG Website as a compilation. In this regard, section 6b of MMG's supplemental registration states: "Compilation and new material including text, graphs, charts, tables and artwork relating to the mortgage market." The Copyright Act protects compilations which are defined as "work[s] formed by the collection and assembling of preexisting materials or of data that are <u>selected</u>, <u>coordinated</u>, or <u>arranged</u> in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." 17 U.S.C. §101 (emphasis added). The selection and arrangement of the MMG Website registered with the Copyright Office, including its "Bond Quotes" page, is the same as or similar to earlier versions of the MMG

5

Website.   This compilation, including the pre-existing selection and arrangement of materials, were authored by MMG and, thus, are clearly protected by copyright.

MMG's registration of the MMG Website is sufficient to provide copyright protection to the pre-existing elements in the MMG Website because MMG authored both the registered compilation and the prior versions of the MMG Website.  MMG has been the author and owner of the MMG Website since its inception in 2001 when it was first fixed in a tangible medium of expression.  Thus, the MMG Website is subject to copyright protection since 2001 even though the MMG Website was not then registered with the Copyright Office. This protection extends to the pre-existing versions of the MMG Website up to and including the MMG Website as registered with the copyright office.  Simply stated, as author of the MMG Website as a registered compilation, MMG does not have to register separately the pre-existing work authored by it which was also included in the registered compilation before bringing an infringement action based upon that compilation.

In support of their position, Defendants rely upon the case of Apple Computer, Inc. v. Microsoft Corp, 821 F.Supp. 616 (N.D. Cal. 1989), aff'd in part, 35 F.3d 1435 (9th Cir. 1994), cert. denied, 513 U.S. 1184 (1995).  There, the District Court held that a copyright registration for a derivative work does not protect pre-existing material but, rather, only new material added to the pre-

6

existing work.   But, while the court's holding was affirmed, the Ninth Circuit rejected the rule as stated by the District Court. Rather, the Circuit Court held that the plaintiff can sue for defendant's copying of material that appears in both the derivative work and the underlying work authored by the plaintiff.  See Apple Computer, Inc., 35 F.3d 1435 at 1446.   Thus, Apple Computer, Inc. does not support the argument erroneously asserted by Defendants.

In sum, Defendants cannot escape liability for their blatant copying of the MMG Website because MMG, as owner of the pre-existing MMG Website and the MMG Website as a registered compilation, properly brought this infringement action premised upon the registered MMG Website.

## CONCLUSION

Plaintiff the Mortgage Market Guide, LLC, will present evidence at trial demonstrating the elements necessary for the claim of copyright infringement as pled in it first amended verified complaint.  Plaintiff's evidence will also prove that it is entitled to damages and equitable relief sought in the complaint.

Respectfully submitted,

Michael M. Rosenbaum
Gerd W. Stabbert, Jr.
Budd Larner, P.C.
Attorneys for Plaintiff

March 30, 2007
635600.c

7