**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

(609) 989-2182

CHAMBERS OF
**FREDA L. WOLFSON**
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Courthouse
402 E. State Street
Trenton, NJ 08608

**February 4, 2008**

Michael M. Rosenbaum, Esq.
Budd Larner, PC
150 John F. Kennedy Parkway
Cn 1000
Short Hills, NJ 07078-0999

John G. Gilfillan, III, Esq.
Carella, Byrne, Bain, Gilfillan
5 Becker Farm Road
Roseland, NJ 07068

Re:   The Mortgage Market Guide, LLC v. Freedman Report, LLC
      Docket No.: 3:06-cv-00140 (FLW)

Dear Counsel:

      On January 9, 2008, a post trial hearing was held by the Court to resolve outstanding issues relating to admissibility of evidence in the above-referenced matter. The Court reserved judgment as to the admissibility of Mr. Dabke's deposition at 15:9-11 and 17:20-22 so counsel could review the record before making their arguments to the Court.

      On January 11, 2008, the Court received a letter from Plaintiff Mortgage Market Guide, LLC in support of the admission of the Dabke deposition designations. On January 14, 2008, a letter by Defendant Freedman Report, LLC was submitted in opposition.

      The designated read-ins consist of Mr. Dabke's recollection of statements made by Mr. Byer while talking to Mr. Dabke about copying the MMG website. The record indicates that on November 5, 2007, the Court identified the statements as hearsay and commented negatively on their admissibility.

      Plaintiff contends that Mr. Byer's statements are admissible under the "statement against interest" hearsay exception. It is well settled that to render a statement admissible as a statement against interest, it must be so palpably against the declarant's interest that he must have realized it to be so when he made the statement, and it must be to declarant's immediate prejudice. See Nuttall v. Reading Co., 235 F.2d 546, 550-51 (3d Cir. 1956). Defendant argues that, at the time of the statement, Mr. Byer did not know that it was against his pecuniary interest because the portion of the website he instructed Mr. Dabke to copy was not part of the subscribers-only

portion.

      However, the Court finds that by virtue of signing up for a subscription with the MMG website, Mr. Byer was charged with knowledge of the terms and conditions of the Subscriber Agreement.  (See P-120).  In his deposition, Mr. Byer admits to signing up for a trial subscription with the MMG website.  (See Dep. John Jeffrey Byer, May 23, 2006, 34:7-18).  The Subscriber Agreement explicitly forbids members from copying any portion of the website, whether it be the subscriber portion or the public portion.  Therefore, the Court finds that the designated Dabke deposition read-ins are admissible as a statement against interest because Mr. Byer knew that copying the website would breach the Subscriber Agreement.

                                                                   Very Truly Yours,

                                                                   /s/ Freda L. Wolfson
                                                                   Freda L. Wolfson, U.S.D.J.