UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE MORTGAGE MARKET GUIDE, LLC, | : | |
| | : | Civil Action No. 06-140 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | O R D E R |
| | : | R E D U C I N G |
| FREEDMAN REPORT, LLC, | : | E X P E R T   F E E S |
| | : | |
| Defendant. | : | |
| | : | |

This matter having come before the Court upon the March 11, 2008 letter application by Defendant Freedman Report, LLC's ("Defendant") to recover payment of the expert fees incurred by Defendant's expert in responding to the Plaintiff The Mortgage Market Guide's ("Plaintiff") discovery requests; and the Court having conducted a conference call with the parties on March 26, 2008; and Plaintiff The Mortgage Market Guide, LLC ("Plaintiff") writing to the Court opposing Defendant's expert Daniel M. Gramza's calculation of expert fees and asking the Court to reduce those fees (*See* Pl.'s Ltr. dated April 2, 2008); and Defendant responding to Plaintiff's opposition on April 4, 2008; and the Court noting that there are three issues presented for review: (1) whether $650.00 is an appropriate fee for an expert who worked by himself to retrieve documents at Plaintiff's request, (2) whether 47.87 hours is a reasonable amount of time to retrieve said documents to comply with Plaintiff's subpoena, and (3) whether $650.00 is an appropriate expert fee for someone who has never served as an expert witness;

And Plaintiff stating that "the average hourly rate for litigation paralegals charged by seven firms for document retrieval services (inclusive of Budd Larner) is roughly $85.00" (Pl.'s Ltr. at 1); and Plaintiff further stating that "Mr. Gramza's invoice total[ed] $38,645.79 for purported expert fees, $30,060.00 of which relates to [his] compliance with document

production" *Id.*; and Plaintiff further stating that "[i]t is incredulous for Defendant[] to assert that Plaintiff[] should pay for Mr. Gramza's time as an expert for gathering papers" *Id.* at 2; and Plaintiff further stating that they "also doubt the length of time Mr. Gramza's bills indicate he spent gathering the requested documents" *Id.* at 3; and Plaintiff further stating that Mr. Gramza's documents only filled roughly filed one half of a file box, *Id.*; and Plaintiff further stating that Mr. Gramza's biography "demonstrates that he already had an extensive list of all publications produced to Plaintiff[]" *Id.*; and Plaintiff further stating that "he also already had publications relating to the seminars he attended or gave where he utilized the Powerpoint presentations" *Id.*; and Plaintiff further stating that "47.87 hours is beyond unreasonable" *Id.* at 4; and Plaintiff further stating that "Mr. Gramza's rate for expert fees in general is unreasonable and should be lowered to an appropriate level" *Id.*; and Plaintiff further stating that Mr. Gramza's rate of $650.00 per hour seems to have been determined solely for the purposes of this litigation, and apparently does not factor the going rate for a similar expert in the financial area" *Id.*; and Plaintiff further stating that the going rate for a similar expert, specifically Plaintiff's expert, is $495.00 per hour, *Id.*;

And Defendant in opposition stating that "Mr. Gramza needed to spend almost fifty (50) hours in responding to the plaintiff's requests, and did so over a five and a half day period in order to produce the documents at or before his deposition" (Def.'s Opp. Ltr. at 1); and Defendant further stating that hourly rates for a paralegal ranges from $97.00 per hour for firms of one to ten attorneys and as high as $173.00 per hour for firms with 96 to 100 attorneys, *Id.* at 2;

And the Court noting that where an expert is performing services that are merely

administrative in nature, such as gathering documents for document production, the expert should not be compensated as an expert, but rather as an administrative assistant, *see Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 334 (D. Del. 2003); and the Court finding that Mr. Gramza, assuming he does not have any administrative staff, should not be paid $650.00, or his hourly expert rate, for gathering documents for document production; and the Court further finding that although Mr. Gramza should not be paid an expert hourly rate, he should at least be paid at a paralegal rate since he was responding to an extremely broad legal subpoena; and the Court further finding that the appropriate paralegal rate in this matter is $85.00;[1] and the Court further noting that given the broad scope of Plaintiff's subpoena, 47.87 hours is a reasonable amount of time to have worked on production of these documents; and the Court further finding that Mr. Gramza's rate of $650.00 per hour *for his expert opinion and testimony* is reasonable given his unique field of expertise and excellent qualifications;

And the Court having reviewed the parties' submissions and having considered this matter pursuant to Federal Rule of Civil Procedure 78; and good cause having been shown;

**IT IS** on this 10th day of April, 2008

**ORDERED THAT** Mr. Gramza's expert fees will be adjusted as follows:

(1)   Deposition Fee remains **$5,000**;

---

[1] The Court relied on the Declaration of Mitchell Rait, which stated in paragraph 3, that "Budd Larner currently charges $75.00 per hour for paralegal time with respect to their work in commercial litigation, . . . Sills Cummis charges $90.00 per hour; Greenbaum Rowe charges $125.00 per hour; Lowenstein Sandler charges $80.00 per hour; Riker Danzig charges $75.00 per hour; Wilentz charges $65.00 per hour; Archer & Greiner charges $90.00 per hour; McElroy Deutsch charges $75.00 per hour. The average paralegal charge among all of these firms is thus $83.75." The Court then rounded this number to $85.00. Additionally, the geographic location of these law firms can reasonably be said to mirror that of the Chicago area where this expert is located.

(2) Transportation from Evanston to Chicago Airport to Deposition back to the Chicago Airport and back to Evanston remains **$120.00**;

(3) The Airline Ticket remains **$198.60**;

(4) Photocopying remains **$71.03**;

(5) Shipping remains **$95.41**;

(6) Meals remain **$10.75**;

(7) The fees for "Gathering Deposition Materials Requested by Plaintiff" will be reduced from **$30,030.00** ($650.00 x 46.2 hours)[2] to **$4,068.95** ($85.00 x 47.87);

(8) The fees for "Reviewing Material for Deposition" will remain **$3,120.00**; and it is

**FURTHER ORDERED** that Mr. Gramza's expert fees shall be reduced from **$38,645.79** to **$12,684.74**.

                                        /s/ *John J. Hughes*
                                        **JOHN J. HUGHES**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court used 46.2 hours because Mr. Gramza's total ($30,060.00) divided by his hourly rate ($650.00) came to 46.2. The Court notes that Plaintiffs stated that Mr. Gramza worked 47.87 hours. If so, the calculations would come out slightly differently ($650.00 x 47.87 = 31,115.50). Regardless of this difference, the appropriate formula to use in calculating Mr. Gramza's expert fees with regard to "Gathering Deposition Materials Requested by Plaintiff" is $85.00 multiplied by 47.87 equaling $4,068.95.